Gilmore, J.
It appears from the testimony set out in the bill of exceptions, that Robert E. Hine was killed in a collision on the road of the defendant below (plaintiff in error), on the 24th of September, 1870.
The action was commenced in the Common Pleas, by the administratrix, on the 23d of January, 1873, being more than two years after the death of Hine.
The object of the action was to recover damages, on the ground that the death occurred through the wrongful act, neglect, and default of the defendant.
*633 On the trial the defendant requested the court to instruct the jury in substance as follows: “If you find, from the testimony, that the action was not commenced within two years after the death of Hine, your verdict- must be for the •defendant.”
Which instruction the court refused to give as requested. On error, the District Court affirmed the Common Pleas. In this proceeding, the reversal of the courts below is •sought, on the ground that the Common Pleas erred in refusing to give the instruction requested.
The legislation bearing upon the question is as follows :
1. The act of March 25,1851 (S. & C. 1139). The first -section of this act creates and gives a right of action for the recovery of damages in cases of this kind. The second section provided substantially: That the action should be brought in the name of the personal representative of the deceased, for the exclusive benefit of the widow and next of kin, and that the amount recoverable should not exceed five thousand doliars, and this section concludes with the following proviso : “ Provided, that every such action shall be commenced within two years after the death of such deceased person.”
2. The act of March 7, 1872 (69 Ohio L. 22), which ■amends section 2 of the above-named act, by allowing a recovery in any sum not exceeding ten thousand dollars, and •omitting the proviso above quoted, and the original section ■2 is repealed, without a saving clause as to existing rights.
3. Section 2 of the act of April 8, 1856, “ concerning the enacting and repealing of statutes,” as amended February 19, 1866 (S. & S. 1), in effect provides: That whenever a -statute is repealed or amended, such repeal or amendment •shall in no manner affect causes of action existing at the time of such amendment or repeal, unless otherwise expressly provided for in the amending or repealing act.
The rights of the parties are to be ascertained by a con•struction of these statutes, considered in connection with the ■nature of the right of action, or chose in action, in controversy in this case.
*634 The right of action given by the statute of 1851 is in the nature of property in action, a thing which the personal representative of the deceased was entitled to reduce to possession, for the benefit of the family of the deceased, by an action at law. The right was not known to the common law where damages for a tort to the person were recoverable only during the life of the party injured; and the death of the plaintiff, pending the suit, abated it. Nor could the wife or husband, parent or child, recover any pecuniary compensation for the injury sustained by the death of the relative. Hence, the right of action, in such cases, could only be conferred by statute. In Ohio, no such right was given by any statute previous to that of 1851. In creating or giving the right by this act, it was within the power of the legislature to impose upon it such restrictions as were thought fit; and if restrictions were imposed, they must be referred to the newly created right itself, if the restrictive language used will warrant it; for the act being in derogation of the common law, any restrictive language used in it must be construed against the right created by it. It would be different if the act was merely remedial as to existing rights; such statutes are to be liberally construed.
In this view, we regard the proviso contained in section two of the act of 1851, above quoted, as a restriction qualifying the right of action itself, and not merely a time limitation upon the remedy. The right of action in this case came into existence while the section above named was in force, and the right was, therefore, subject to the restrictions contained in the proviso. The amendment and repeal of the original section, while the right was existing in 1872, and the omitting of the proviso in the section as amended, did not have the effect of enlarging or extending the right. The amendment, like the original act, was prospective only in its operation, and had no effect whatever upon the existing right in this case. The effect of the repeal of the original section two, without a saving clause, was to bring into operation, as to the then existing right of *635 action of the plaintiff below, the provisions of the act of 1866, which kept it unaffected by the repeal of the section named; and the action might still have been well brought within two years after the death of the deceased. The plaintiff below having failed to bring her action within the period named, the right had perished before the action was brought.
The principle involved here is analogous to that in the case of Bonte et al. v. Taylor et al., 24 Ohio St. 628.
There being no cause of action in existence at the time the action was commenced, there was nothing conclusively waived by the failure of the defendant below to demur tO' the petition, or to make the objection by way of answer. Code of Civil Pro., see. 89.
The defendant below had a right to insist, in the trial, on a finding of fact by the jury, that would be fatal to the claim of the plaintiff below. The court, therefore, erred in refusing to give to the jury the instructions requested by the defendant below.
Por this error, the judgments of the courts below are respectively reversed, and the cause is remanded to the Common Pleas for such further proceedings as may be authorized by law.

Motion granted and judgments reversed.

McIlvaine, C. J., Welch, White, and Rex, JJ., concurred.